FILED IN OFFICE
2012 JUL -2 AM 10: 43
M. LINDA PIERCE
MUSCOGEE COUNTY
SUPERIOR COURT

IN THE SUPERIOR COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

REJEANER ECHISON, )
)
   Plaintiff, )
) CIVIL ACTION FILE NO.
) SU-12-cv-2350-94
v. )
) JURY TRIAL DEMANDED
SUN HOLDINGS, LLC d/b/a GOLDEN )
CORRAL RESTAURANT, )
)
   Defendant. )

## COMPLAINT

COMES NOW Plaintiff Rejeaner Echison and files this her Complaint against Sun Holdings, LLC d/b/a Golden Corral Restaurant (hereinafter "Sun Holdings"), showing this honorable Court as follows:

## INTRODUCTION

1.

This case arises out of Defendant's unlawful mischaracterization of Plaintiff as exempt from overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"). Defendant wrongfully and willfully misclassified Plaintiff as exempt from overtime under the FLSA and refuses to compensate her for hours over 40 worked in any given week, much less provide the legally required time and a half overtime pay.

2.

Defendant willfully committed violations of the FLSA by misclassifying Plaintiff, likely along with other similarly situated employees, as salaried exempt employees regardless of her

- 1 -

actual duties and responsibilities. In actuality, Plaintiff is not exempt from the wage and hour laws mandated by the FLSA.

3.

Defendant is liable for failing to pay Plaintiff for all hours worked in excess of 40 hours per week at a rate of one and a half times her regular rate of pay.

4.

Plaintiff seeks unpaid compensation, an equal amount of liquidated damages, and pre-judgment interest, attorney's fees, and costs pursuant to 29 U.S.C. § 216(b).

## JURISDICTION, PARTIES, AND VENUE

5.

Pursuant to 29 U.S.C. § 216, an action to recover the liability prescribed by the FLSA may be maintained against an employer in any Federal or State court of competent jurisdiction.

6.

Plaintiff Rejeaner Echison is an adult resident of the State of Georgia and a former employee of Defendant Sun Holdings.

7.

Defendant Sun Holdings, LLC is a Texas corporation that operates various franchise restaurant locations throughout the United States, including a Golden Corral Restaurant, where Plaintiff worked, located in Columbus, Georgia. Defendant may be served with summons and process through its registered agent: Incorp Services, Inc., 815 Brazos Street, Suite 500, Austin, Texas 78701.

8.

Venue is proper in this Court because a substantial part of the events and omissions giving rise to this Complaint occurred within this forum.

## FACTUAL BACKGROUND

9.

Defendant Sun Holdings operates various franchise restaurants, including Golden Corral Restaurants located in Columbus, Georgia and Opelika, Alabama, both where Plaintiff worked.

10.

During August 2010 until November 2011, Plaintiff Echison was a former "Assistant Manager" at Defendant's above-referenced Golden Corral Restaurants.

11.

In her role as "Assistant Manager," Plaintiff actually had little to no managerial responsibility, and was routinely demanded to work excessive hours as though she was not an employee with rights to minimum wage and maximum hours under the FLSA.

12.

In fact, Plaintiff had no clearly delineated managerial duties and received no structured managerial training; instead, the only training she received was the same as the typical non-management staff.

13.

The vast bulk of Plaintiff's work on behalf of Defendant was performing non-management activities, such as food preparation in the bakery, cold choice, hot bar, and front

line, bussing tables, sweeping and mopping floors, washing dishes, cleaning cooking equipment, and operating the cash register.

14.

For many months of her employment, Plaintiff was not even given keys to the restaurant building, was not given a pass-code to the restaurant computer, and was not responsible for either the opening or closing of the store.

15.

Even though Plaintiff was essentially performing the duties of non-management employees on behalf of Defendant, she was required to work so many overtime hours without compensation that her average hourly salary was actually *less than* her non-managerial counterparts at Defendants' restaurants.

16.

On behalf of Defendant Sun Holdings, Plaintiff Echison did not customarily or regularly direct the work of at least two or more other full-time employees or their equivalent.

17.

On behalf of Defendant Sun Holdings, Plaintiff Echison did not have the authority to hire or fire any other employee.

18.

On behalf of Defendant Sun Holdings, Plaintiff Echison's primary job duties did not actually include the management of Defendant's enterprise or a customarily recognized department thereof.

19.

On behalf of Defendant Sun Holdings, Plaintiff Echison's primary job duties did not include the exercise of discretion and independent judgment with respect to matters of significance.

20.

On behalf of Defendant Sun Holdings, Plaintiff Echison's primary job duties did not include the performance of work requiring advanced technical knowledge, defined as work which is predominately intellectual in character, requiring a specialized professional degree, and which includes work requiring the consistent exercise of discretion and judgment.

21.

Defendant Sun Holdings regularly suffered or permitted Plaintiff Echison to work in excess of 40 hours per work week and indeed required her to do so.

22.

Defendant Sun Holdings willfully failed and refused to pay Plaintiff Echison one and one half times her regular rate for hours worked in excess of 40 hours per work week, in violation of the FLSA and in spite of a demand letter from legal counsel dated November 22, 2011.

23.

Defendant Sun Holdings willfully misclassified Plaintiff Echison as being exempt from overtime in violation of the FLSA.

24.

In total, Plaintiff Echison worked approximately 1252 hours on behalf of Defendant Sun Holdings in excess of 40 per week, and for which she seeks unpaid compensation, an equal amount of liquidated damages, and pre-judgment interest, attorney's fees, and costs pursuant to the FLSA.

CLAIMS / CAUSE OF ACTION

Willful Failure and Refusal to Pay Overtime in Violation of the FLSA

25.

Plaintiff Echison realleges and incorporates as if fully set forth herein the allegations set forth in all of the above paragraphs.

26.

Defendant Sun Holdings required Plaintiff Echison to work in excess of 40 hours per work week without overtime compensation in violation of the FLSA.

27.

Defendant Sun Holdings willfully failed and refused to pay Plaintiff Echison one and one half times her regular rate for hours that she worked in excess of 40 hours per work week in violation of the FLSA.

28.

Defendant Sun Holdings willfully misclassified Plaintiff Echison as being exempt from overtime compensation in violation of the FLSA.

29.

As a result of Defendant's willful violations of the FLSA, Plaintiff suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Echison prays for the following relief:

(a) That the Court find that Defendant regularly suffered or permitted Plaintiff to work in excess of 40 hours per workweek in violation of the FLSA;

(b) That the Court find that Defendant willfully failed and refused to pay Plaintiff one and one half times her regular rate for hours she worked in excess of 40 hours per workweek in violation of the FLSA;

(c) That the Court find that Defendant willfully misclassified Plaintiff as being exempt from overtime in violation of the FLSA;

(d) That the Court award Plaintiff all of her unpaid overtime pursuant to the FLSA;

(e) That the Court award Plaintiff liquidated damages in an amount equal to the amount of her unpaid overtime pursuant to the FLSA;

(f) That the Court order Defendant to cease and desist violating the FLSA as alleged in this Complaint, and to comply with the FLSA;

(g) That the Court award Plaintiff her attorney's fees and costs pursuant to the FLSA and/or other applicable law;

(h) That the Court award Plaintiff such other and further relief as the Court deems just, proper or appropriate.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all issues.

*/s/ Lamar K. Mitchell*

Lamar K. Mitchell
Georgia Bar No. 136806

COUNSEL FOR PLAINTIFF

**LAMAR K. MITCHELL, LLC**

High House Law Building

309 Sycamore Street

Decatur, Georgia 30030

TEL: (404) 373-4562

FAX: (678) 669-2373

CELL: (404) 788-1038