IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| REJEANER ECHISON,<br><br>      Plaintiff,<br><br>v.<br><br>TAG CORRAL, LLC,<br><br>      Defendant. | CASE NO.  4:12-CV-203 (CDL) |

### ORDER GRANTING JOINT MOTION FOR FINAL APPROVAL OF SETTLEMENT AGREEMENT

This matter comes before the Court on the Parties' Joint Motion for Final Approval of Settlement Agreement.

On July 2, 2012, Plaintiff Rejeaner Echison ("Plaintiff") filed the above-captioned lawsuit in the Superior Court of Muscogee County, alleging that Defendant TAG Corral, LLC ("Defendant" or "TAG Corral") improperly classified her as exempt under the Fair Labor Standards Act ("FLSA").  Plaintiff has not made any class allegations and does not purport to represent a class of individuals.  The case was timely removed to this Court on August 13, 2012.  (Dkt. # 1.)  Plaintiff also filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging race and gender discrimination in violation of Title VII of the Civil Rights Act of 1964.  TAG Corral denies all of Plaintiff's claims.

On September 19, 2012, Plaintiff and Defendant notified the Court that they reached a settlement in principle. (Dkt. # 6.)  On October 4, 2012, Plaintiff and Defendant filed their Joint Motion for Final Approval seeking the Court's approval of the terms of their settlement as

described in a Confidential Settlement Agreement and General Release.  The Court has reviewed the Confidential Settlement Agreement and General Release, in which Defendant agrees to pay Plaintiff $7,000 in exchange for a general release of all claims against Defendant.  The settlement amount is to be allocated as follows:  (1) $1,876.00 deemed allocable to Plaintiff's claims for back pay and lost wages; (2) $2,814.00 deemed allocable to Plaintiff's claims for non-wage damages; and (3) a $2,310.00 deemed allocable to Plaintiff's claims for attorneys' fees and costs.  Plaintiff and Defendant have jointly represented to the Court that the settlement amount reflects arms-length settlement negotiations and is based, in part, on a model that calculated Plaintiff's potential damages based on her FLSA misclassification allegations.[1]

The Court, having considered the Joint Motion for Final Approval of the Settlement Agreement, along with the other papers on file in this matter, is of the opinion that the parties' agreed-upon settlement terms represent a fair and reasonable compromise of disputed claims.  According, the Court hereby grants the Motion and dismisses the above-captioned lawsuit in its entirety with prejudice.

SO ORDERED this 5th day of October, 2012.

s/Clay D. Land  
CLAY D. LAND  
UNITED STATES DISTRICT JUDGE

---

[1] The settlement amount also includes an additional sum for disputed claims raised in Plaintiff's EEOC Charge, as well as any additional claims which Plaintiff alleges to have against Defendant.